# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1529

_____

Richard Dowell; Julie Dowell,　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Plaintiffs-Appellants,　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the Southern
　　　　　　　　　　　　　　　　　　*　District of Iowa.
Wells Fargo Bank, NA;　　　　　　　*
Trans Union, L.L.C.,　　　　　　　　*　[PUBLISHED]
　　　　　　　　　　　　　　　　　　*
　　　　　　Defendants-Appellees.　　*

_____

Submitted: December 12, 2007
Filed: February 28, 2008

_____

Before BYE, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Plaintiff debtors brought claims against a lender and a credit reporting agency under the federal Fair Credit Reporting Act ("the Act"), 15 U.S.C. § 1681 et seq., the Iowa Debt Collection Practices Act, Iowa Code § 537.7101 et seq., and Iowa's common law of defamation. The district court[1] granted summary judgment in favor of the defendants, and we affirm.

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Plaintiff Richard Dowell, a physician, had several private and federal student loans through Defendant Wells Fargo Bank, N.A. He consolidated only the private loans with Wells Fargo. Due to confusion on the part of Richard Dowell and his wife, Plaintiff Julie Dowell, as to which loans remained unconsolidated, Richard Dowell failed to make the necessary payments on all outstanding loans. Eventually, Wells Fargo and Richard Dowell reached an agreement and established a new payment plan. After entering into this agreement, he again failed to make the necessary payments.

Wells Fargo subsequently reported to credit reporting agencies, including Defendant Trans Union, that some of the loans were written-off. Wells Fargo transferred those loans to a separate Wells Fargo entity for asset recovery. The asset recovery entity separately reported the loans to credit bureaus and listed the loans as problem loans. This resulted in the appearance of a heightened number of outstanding bad loans. In addition, Wells Fargo changed the account numbers on some of the loans during the time period relevant to this case, as required to eliminate the use of social security numbers as account numbers. This change led to a temporary overstatement of the number of loans from Wells Fargo to the couple.

On numerous occasions, Julie Dowell complained to the defendants about the reporting of the debts. However, she did not accurately identify the accounts or account balances when she reported the perceived errors. The defendants, nevertheless, investigated the matter, provided explanations to Julie Dowell regarding the reports and her complaints, and took limited corrective action. Further, Trans Union gave the plaintiffs the opportunity to place comments on the report. The plaintiffs did not take advantage of this option. Eventually, the plaintiffs brought the present action, alleging negligent and willful violations of the Act and alleging the related state law claims.

The district court granted summary judgment on the federal claims based on the plaintiffs' failure to create a triable question of fact as to the existence of damages and

based on the conclusion that the defendants could not be held liable for alleged violations that occurred prior to the receipt of complaints from the plaintiffs. The district court granted summary judgment on the Iowa Debt Collection Practices Act claims based on the plaintiffs' failure to create a triable question of fact as to whether defendant Wells Fargo conducted any of its allegedly nefarious actions for the purpose of collecting the underlying debt. The district court granted summary judgment on the state defamation claims based on federal preemption and based on the doctrine of qualified privilege as provided in Iowa defamation law.

As to the state law claims, we affirm the well-reasoned judgment of the district court without further comment for the reasons set forth in that court's written order. See 8th Cir. R. 47B. As to the federal claims under the Act, we affirm, relying in part on the grounds cited by the district court. We agree that the summary judgment record fails to demonstrate a triable question of fact as to the existence of damages. This alone is sufficient to defeat the claim alleging a negligent violation of the Act.

We note, however, that the plaintiffs also alleged a *willful* violation of the Act, and it is not entirely clear that plaintiffs must prove actual damages as a component of a claim for a willful violation. As noted by the plaintiffs, the Act provides for statutory damages as an alternative to actual damages:

(a) In general

> Any person who *willfully* fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of–
>
> > (1)(A) any actual damages sustained by the consumer as a result of the failure *or damages of not less than $100 and not more than $1,000*;

15 U.S.C. § 1681n(a)(1)(A) (emphasis added). This language clearly provides that an award of statutory damages is available as an alternative to an award of actual damages. The plaintiffs argue the district court overlooked this fact and summary judgment was, therefore, inappropriate. We disagree. It does not necessarily follow from the cited language that statutory damages are available where a plaintiff fails to prove actual damages. A reasonable reading of the statute could still require proof of actual damages but simply substitute statutory rather than actual damages for the purpose of calculating the damage award.

We need not delve into this issue of statutory construction in the present case, however, and we decline to do so. Statutory damages are not available in any event without a showing of willfulness, and our review of the record convinces us that the plaintiffs failed to present sufficient evidence of willfulness to avoid summary judgment.

The judgment of the district court is affirmed.

———————————————