BRIGHT, Circuit Judge.
In this action, plaintiffs (appellants) Steven Hammer and Michael White allege that Wal-Mart Stores, Inc., Sam’s East, Inc., and Sam’s West, Inc. (collectively “Sam’s Club”)[1] willfully violated a provision of the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681e(g)(l), which prohibits a person accepting credit or debit cards for a consumer transaction from “printing] more than the last five digits of the card number ... upon any receipt provided to the cardholder.” Despite its conclusion that Sam’s Club violated FACTA, the district court[2] granted summary judgment of dismissal in favor of Sam’s Club on the ground that the violation was not willful. We agree, and therefore affirm.
1. Background
Sam’s Club, a membership-only retailer, requires customers to have a membership card and number in order to shop at a Sam’s Club store. Sam’s Club members may also apply for a Sam’s Club Private Label Credit Card, which doubles as a membership card and a credit card. The card has a 19-digit credit card number. The first seven digits comprise the Bank Identification Number, which identifies the banking institution issuing the card, and is identical on all cards and publicly available. Eleven of the remaining twelve dig *496 its are unique to the credit card holder. It is undisputed that prior to the initiation of this action, Sam’s Club designed its Private Label Credit Cards such that the last twelve digits of that card number read identical to the last twelve digits of the cardholder’s membership number.
The appellants hold Sam’s Club Private Label Credit Cards. On multiple occasions from 2007-2008, they purchased products at Sam’s Club stores in Kansas and Missouri using their cards and were given electronically-printed receipts at the point of sale. The receipts disclosed only the last four digits of appellants’ credit card numbers; however, the receipts also showed separately the last ten consecutive digits of their membership numbers. Thus, given that Sam’s Club designed the last twelve digits of membership and credit card numbers to be the same, the receipts showing the appellants’ “member” number in fact disclosed the last 10 consecutive digits of appellants’ credit card numbers.
The following example illustrates how the receipts disclosed the appellants’ membership numbers (“V Member”) and credit card numbers (“Account # ”):
V Member: 101-00123456789
Account #: 6789
In this example, the bold numbers comprise the last ten digits of the consumer’s credit card number.
Appellants subsequently filed this action on behalf of themselves and others similarly situated asserting that Sam’s Club in its receipts provided to consumers with Private Label Credit Cards violated FACTA’s receipt limitation requirement, 15 U.S.C. § 1681c(g)(l), reading:
[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.
Appellants allege that Sam’s Club violated this statute by printing more than the last five digits of their credit card numbers on electronically-printed receipts despite the fact that receipts listed the numbers as “member” numbers. Appellants further allege that the violation was willful because Sam’s Club persisted in printing credit card numbers on receipts despite knowing and repeatedly being informed about FAC-TA’s receipt requirement. Appellants do not allege actual damages, but seek to recover statutory damages under a provision . of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681n, which governs liability for FACTA violations. That provision states:
Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is hable to that consumer in an amount equal to the sum of ... any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.
15 U.S.C. § 1681n(a)(l)(A) (hereinafter “the FCRA liability provision”). Appellants also seek punitive damages and reasonable attorneys’ fees.
After the district court denied Sam’s Club’s motion to dismiss under Fed. R.Civ.P. 12(b)(6), appellants moved for summary judgment on the issue of whether Sam’s Club violated FACTA’s receipt requirement by printing receipts with membership numbers that included more than five digits of customers’ credit card numbers. The district court granted the motion, reasoning that “one cannot avoid the prohibition by referring on the receipt to a ‘membership number’ if in fact the collection of numbers includes a long string of more than five digits that are also *497 used as credit card numbers.” (July 24, 2012, Order at 2.) Although the district court concluded that Sam’s Club violated FACTA, it reserved for consideration the issue of whether the violation was willful— a statutory precondition to liability.
Sam’s Club then moved for summary judgment on the issue of willfulness. The district court granted the motion and dismissed appellants’ action. Relying on the Supreme Court’s decision in Safeco Ins. Co. v. Burr, 551 U.S. 47, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007), the district court concluded that although Sam’s Club violated FACTA, the violation was not -willful because Sam’s Club’s interpretation of the statute was not objectively unreasonable. The district court reasoned that Sam’s Club’s reading of the statute—that the language of the statute only related to shortening of a credit card number, so labeled—“not only seems reasonably possible but rather likely, at least for those not philosophically inclined to think about (or guess at) Congressional purpose.” (Oct. 16, 2012, Order at 6.) The district court also emphasized that Sam’s Club had “no guidance except the bare wording of the statute in determining whether a ‘membership number’ as well as a ‘credit card’ or ‘account’ number must be truncated.” (Id.)
Appellants filed a timely notice of appeal to this court.
II. Discussion
Appellants assert (1) that the district court erred by concluding that Sam’s Club did not willfully violate FACTA and (2) that the district judge failed to recuse himself in the case after disclosure of a conflict of interest. On cross appeal, Sam’s Club challenges the district court’s conclusion that it violated FACTA. Sam’s Club also argues that appellants lack Article III standing to bring their claim. We address standing before proceeding to the merits.
A. Article III Standing
“Article III standing is a threshold question in every federal court case.” United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1013 (8th Cir.2003). “The exercise of judicial power under Art. Ill of the Constitution depends on the existence of a case or controversy.” Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). A central component of the “case or controversy” requirement is standing, “which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability.” Lance v. Coffman, 549 U.S. 437, 439, 127 S.Ct. 1194, 167 L.Ed.2d 29 (2007).
With these principles in mind, we requested supplemental briefing from the parties prior to oral argument on the following issues: (1) whether the appellants, having alleged no actual damages, “have suffered an ‘injury in fact,’ ” Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), and (2) whether the appellants have suffered an injury “that is likely to be redressed by a favorable decision,” Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976), in light of dicta from our decision in Dowell v. Wells Fargo Bank, NA, 517 F.3d 1024, 1026 (8th Cir.2008) (“It does not necessarily follow from [the FCRA liability provision] that statutory damages are available where a plaintiff fails to prove actual damages.”).
The parties submitted briefs on the above issues in which they took opposing positions. Appellants Hammer and White argue that Congress may create legal rights via statute, the invasion of which creates standing to sue. Here, they assert, by enacting 15 U.S.C. *498 § 1681n(a)(l)(A), Congress created a statutory right to receive receipts that disclose no more than the last five digits of the cardholder’s credit card number. Thus, appellants argue that they suffered an injury-in-fact as a result of Sam’s Club’s statutory violation sufficient to confer standing. In opposition, Sam’s Club contends that “[t]he mere fact of a statutory violation, disconnected from any real-world impact” does not suffice to confer Article III standing. Thus, Sam’s Club argues that appellants cannot maintain standing absent some showing of actual damages. Sam’s Club also encourages us to interpret the FCRA liability provision as requiring some proof of actual damages as a precondition to recovering actual or statutory damages in order to “avoid serious Article III concerns.”
After oral argument, the United States filed a motion to intervene in the proceedings to file a supplemental brief on the two standing questions that we had posed to the parties. See 28 U.S.C. 2403(a) (permitting the United States to intervene for argument on the question of constitutionality “[i]n any action, suit or proceeding in a court of the United States ... wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question”). We granted the motion and the United States subsequently filed a brief taking the position that appellants maintain Article III standing to bring their action.
After considering the parties’ submissions, we conclude that appellants do have standing to bring their claim.

i. Injury-in-fact

It is well established that “[t]he actual or threatened injury required by Art. Ill may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing.” Warth v. Seldin, 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (citation omitted) (internal quotation marks omitted); see also Charvat v. Mut. First Fed. Credit Union, 725 F.3d 819, 822 (8th Cir.2013). Notably, this language is without limitation: the actual-injury requirement may be satisfied solely by the invasion of a legal right that Congress created. This is not a novel principle within the law of standing.[3]
By enacting 15 U.S.C. § 1681c(g)(l), Congress gave consumers the legal right to obtain a receipt at the point of sale showing no more than the last five digits of the consumer’s credit or debit card number. Appellants contend that Sam’s Club invaded this right. Such is the “actual injury” alleged by the appellants. It is of no consequence that appellants’ injury is *499 dependent on the existence of a statute. See Linda R.S. v. Richard D., 410 U.S. 614, 617 n. 3, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (emphasizing that the injury-in-fact requirement is satisfied “even though no injury would exist without the statute”). Thus, we conclude that appellants have alleged an injury-in-fact sufficient to confer Article III standing.
To be sure, Article III places meaningful limitations on the types of interests that Congress may define as judicially enforceable rights. First, the party seeking review must “be himself among the injured” in the sense that he alleges that defendants violated his statutory rights. See Sierra Club v. Morton, 405 U.S. 727, 735, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); see also Steger v. Franco, Inc., 228 F.3d 889, 893 (8th Cir.2000). Such is the case here. Appellants allege that it was their own receipts that contain numbers printed in violation of 15 U.S.C. § 1681e(g)(l). Second, “Congress may empower individuals to sue based only on ‘personal and individualized]’ injuries.” In re Carter, 553 F.3d 979, 989 (6th Cir.2009) (quoting Lujan, 504 U.S. at 560 n. 1, 112 S.Ct. 2130 (alteration in original)). Congress may not, for example, permit individuals to enforce “an abstract, self-contained, noninstrumental ‘right’ to have the Executive observe the procedures required by law.” Lujan, 504 U.S. at 573, 112 S.Ct. 2130. Again, this limitation poses no obstacle here. The FCRA liability provision states that “[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer.” 15 U.S.C. § 1681n(a)(l)(A) (emphasis added). Hence, the liability provision does not authorize suits by members of the public at large, but creates a sufficient nexus between the individual plaintiff and the legal violation to avoid Article III concerns.
Because appellants allege that they have suffered an actual, individualized invasion of a statutory right, we conclude that they have satisfied the injury-in-fact requirement of Article III standing.

ii. Redressability

As to the question of whether the appellants have suffered an injury “that is likely to be redressed by a favorable decision,” Simon, 426 U.S. at 38, 96 S.Ct. 1917, we also answer in the affirmative.
Under FCRA’s liability provision, a person who “willfully” fails to comply with FACTA is liable to the aggrieved consumer for “any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.” 15 U.S.C. § 1681n(a)(l)(A).
Referring to this provision in Dowell v. Wells Fargo Bank, NA, we stated as dicta:
It does not necessarily follow from the cited language that statutory damages are available where a plaintiff fails to prove actual damages. A reasonable reading of the statute could still require proof of actual damages but simply substitute statutory rather than actual damages for the purpose of calculating the damage award.
517 F.3d at 1026. For the reasons discussed below, we decline to follow the possible interpretation of the FCRA liability provision suggested in Dowell and instead conclude that the plain language of the provision permits recovery of statutory damages in the absence of actual damages.
The FCRA liability provision permits a consumer to recover “any actual damages ... or damages of not less than $100 and not more than $1,000.” 15 U.S.C. *500 § 1681n(a)(l)(A) (emphasis added). Notably, Congress described these permissible damages in the disjunctive, which indicates that a consumer can bring a claim to recover statutory damages “of not less than $100 and not more than $1,000” as an alternative to a claim for actual damages. See 1A Sutherland Statutes and Statutory Construction § 21:14 (7th ed. 2009) (“The use of the disjunctive usually indicates alternatives and requires that those alternatives be treated separately.”); see also Charvat, 725 F.3d at 823 (“Our Court ... has held that plaintiffs need not show actual damages, beyond a statutory violation, in order to recover statutory damages.”). We reject Sam’s Club’s invitation to foreclose statutory damages in the absence of actual damages when the language of the FCRA liability provision dictates otherwise.
Our reading is consistent with the purpose of FACTA’s receipt requirement. Congress enacted FACTA “to prevent identity theft,” Fair and Accurate Credit Transactions Act of 2003, Pub.L. No. 108-159, 117 Stat.1952, and the restriction on printing more than the last five digits of a card number is specifically intended “to limit the number of opportunities for identity thieves to ‘pick off key card account information,” S.Rep. No. 108-166, at 13 (2003). However, as a practical matter, when FACTA is violated, individual losses, if any, may be small. “That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury.” Murray v. GMAC Mortg. Corp., 434 F.3d 948, 953 (7th Cir.2006) (emphasis added).
We also find support for our reading in the decisions of our sister circuits. See, e.g., Bateman v. Am. Multi-Cinema, Inc., 623 F.3d 708, 719 (9th Cir.2010) (“Congress expressly created a statutory damages scheme that intended to compensate individuals for actual or potential damages resulting from FACTA violations, without requiring individuals to prove actual harm.”); Beaudry v. TeleCheck Servs., Inc., 579 F.3d 702, 705 (6th Cir.2009) (explaining that “ ‘actual damages’ represent an alternative form of relief’ under 15 U.S.C. § 1681n and that “the statute permits a recovery when there are no identifiable or measurable actual damages”); Murray, 434 F.3d at 953. In fact, we cannot locate a single case that interprets the FCRA liability provision as requiring something more than a statutory violation in order to recover “damages of not less than $100 and not more than $1,000.”
By permitting a consumer to recover statutory damages under the FCRA liability provision, Congress did not require that consumers prove themselves actual victims of identity theft in order to bring a claim for violation of the FACTA truncation requirement. Therefore, we conclude that appellants’ action against Sam’s Club for violating FACTA’s receipt requirement can be redressed in the absence of a claim for actual damages. See Simon, 426 U.S. at 38, 96 S.Ct. 1917.
Finally, we note that a recent decision by the Ninth Circuit offers strong support for appellants’ claim that they have Article III standing to bring their claim. See Robins v. Spokeo, Inc., 742 F.3d 409, 413-14 (9th Cir.2014) (holding that plaintiff satisfied the Article III standing requirements by alleging a violation of his statutory rights under the FCRA and seeking statutory damages under the FCRA liability provision without a showing of actual damages).
We conclude that appellants have satisfied the requirements of Article III stand *501 ing.[4]
B. Willfulness under Safeco
We now turn to the merits. As discussed, the district court concluded that Sam’s Club violated FACTA’s receipt requirement by printing more than the last five digits of appellants’ credit card numbers on electronically printed receipts despite the fact that those numbers were labeled “member” numbers. However, the district court dismissed appellants’ action on summary judgment, holding that Sam’s Club did not willfully violate the statute. For the purposes of our analysis, we accept the district court’s ruling that Sam’s Club violated FACTA. Nevertheless, we agree with the district court that the violation was not willful.
This court reviews a grant of summary judgment de novo, applying the same standard as the district court. Naucke v. City of Park Hills, 284 F.3d 923, 927 (8th Cir.2002). “Summary judgment is appropriate when the evidence viewed in the light most favorable to the nonmoving party presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.” Coates v. Powell, 639 F.3d 471, 475 (8th Cir.2011). Questions of law are “particularly appropriate for summary judgment.” Team-Bank, N.A. v. McClure, 279 F.3d 614, 617 (8th Cir.2002).
Appellants assert that the district court erred in several respects in concluding that Sam’s Club did not willfully violate FACTA. First, they argue that such judgment was inappropriate in light of the district court’s prior conclusion that Sam’s Club violated the “clear” and “unambiguous” language of FACTA’s receipt requirement, 15 U.S.C. § 1681c(g)(l). Second, appellants contend that the district court held them to an “impermissibly high standard of proof.” Finally, appellants argue that the district court inappropriately relied on disputed facts and considered the enormity of potential damages in granting a dismissal. In contrast, Sam’s Club argues that it did not act wilfully because its reading of the statute was objectively reasonable.
As we have already observed, a person who fails to comply with FACTA’s receipt requirement does not incur liability for damages unless the violation is willful. 15 U.S.C. § 1681n(a)(l)(A). The Supreme Court has held that a violation becomes “willful” if it is either “knowing” or “reckless.” Safeco, 551 U.S. at 57, 127 S.Ct. 2201. A company acts in reckless disregard of FACTA when its “action is not only a violation under a reasonable reading of the statute’s terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.” Id. at 69, 127 S.Ct. 2201. In essence, the central inquiry focuses on “objective reasonableness.” Fuges v. Sw. Fin. Servs., Ltd., 707 F.3d 241, 249 (3d *502 Cir.2012). Thus, even when a court disagrees with a party’s interpretation of FACTA, it may not impose liability unless the party has interpreted the statute in an objectively unreasonable manner. See Safeco, 551 U.S. at 69, 127 S.Ct. 2201 (concluding that Safeco’s violation was not reckless because its “reading of the statute, albeit erroneous, was not objectively unreasonable”).
In determining whether an interpretation is objectively unreasonable, we assess whether the reading “has a foundation in the statutory text” or whether the party interpreting the statute “had the benefit of guidance from the courts of appeals” or federal regulatory agencies “that might have warned it away from the view it took.” Id. at 69-70, 127 S.Ct. 2201. When a party has read the statute in an objectively reasonable manner, we need not consider facts relating to the party’s subjective intent in assessing willfulness. Id. at 70, n. 20, 127 S.Ct. 2201.
Applying the analytical framework set forth in Safeco, we conclude that Sam’s Club’s interpretation of FACTA’s receipt requirement as not applicable to the membership designation on the receipts did not amount to an objectively unreasonable reading of the statute. As we noted, FAC-TA provides:
[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.
15 U.S.C. § 1681c(g)(l). Given this language, Sam’s Club reasonably could have assumed that the statute only prohibits printing of more than the last five digits of the credit card number, so labeled. A literal-minded company executive could reasonably read the statute in this manner, even though such a reading may be contrary to the purposes of preventing identity theft or credit card fraud. We conclude that Sam’s Club’s reading of the statute “has a foundation in the statutory text,” even though we acknowledge that the reading may be deemed erroneous under the law. Safeco, 551 U.S. at 69-70, 127 S.Ct. 2201.
Our conclusion is bolstered by the lack of authoritative guidance available to Sam’s Club. At the time this suit was filed in October 2008, no guidance had been rendered by appellate courts or regulatory agencies on the question of whether a “membership number,” like a “credit card” or “account” number, must be shortened pursuant to the statute. To this court’s knowledge, only one circuit decision has referenced the meaning of “card number” in the context of willfulness under FACTA. See Van Straaten v. Shell Oil Prods. Co, LLC, 678 F.3d 486 (7th Cir.2012). In that case, the Seventh Circuit recognized the “absence of a statutory or regulatory definition of the phrase ‘card number,’ ” but concluded that interpreting the term was unnecessary because the alleged FACTA violation was not willful. Id. at 489-91. And in any event, that decision came after appellants filed suit. Appellants also fail to identify any regulatory authority available to Sam’s Club which demonstrated its printing of a customer’s receipt containing a membership number that includes more than the last five digits of the customer’s credit card number violated FACTA.
On a final note, we reject appellants’ assertions that the district court committed various legal errors in its analysis of willfulness. To the contrary, the record establishes that the district court correctly focused its inquiry on whether Sam’s Club’s reading of the statute was objectively reasonable in accordance with the standards set forth in Safeco.
*503 We conclude that Sam’s Club’s interpretation of FACTA as not applicable to a membership number printed on a customer’s receipt “has a foundation in the statutory text,” Safeco, 551 U.S. at 69-70, 127 S.Ct. 2201, and is therefore not objectively unreasonable.[5] Accordingly, we affirm the dismissal of appellants’ action on the ground that Sam’s Club’s statutory violation was not willful.
C. Denial of Appellants’ Motion to Recuse
Finally, appellants argue that the district court judge erred in not recusing himself from the case on the ground that his son was an attorney in a law firm that represented General Electric (GE), the company that partners with Sam’s Club in financing credit to certain Sam’s Club customers. Appellants contend that the judge’s failure to recuse violated 28 U.S.C. § 455(a) because an average person knowing the relevant facts surrounding the case would reasonably question the judge’s impartiality based on his son’s connection to GE.
“The denial of a motion to recuse is reviewed for abuse of discretion.” United States v. Ruff, 472 F.3d 1044, 1046 (8th Cir.2007). A judge must recuse himself “in any proceeding in which his impartiality might reasonably be questioned.” 28 U.S.C. § 455(a). Under section 455(a), this court considers “whether the judge’s impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.” In re Kan. Pub. Emp. Ret. Sys., 85 F.3d 1353, 1358 (8th Cir.1996). Because a “judge is presumed to be impartial,” a party seeking recusal “bears the substantial burden of proving otherwise.” United States v. Denton, 434 F.3d 1104, 1111 (8th Cir.2006) (citation omitted) (internal quotation marks omitted). A “relationship between a party and a judge’s son or daughter does not per se necessitate a judge’s disqualification. Rather, the determination of whether a conflict exists in a given situation is factually bound.” See In re Kan. Pub. Emp. Ret. Sys., 85 F.3d at 1364 (citations omitted).
We conclude that appellants have not satisfied their burden of showing that recusal was required under 28 U.S.C. § 455(a). While appellants allege that the judge became aware of the potential conflict with GE long before the judge disclosed it, appellants do not offer adequate support for this claim. The appellants do not point to anything in the district court’s orders or the record that convincingly shows that the judge deliberately concealed a conflict from the parties. More importantly, the nature of the alleged conflict is “simply too remote, speculative, and contingent” to give rise to a situation in which the judge’s impartiality might reasonably be questioned by a member of the public. See In re Kan. Pub. Emp. Ret. Sys., 85 F.3d at 1362. The record does not show GE as a party to this lawsuit, and, as Sam’s Club observes, there is little realis *504 tic possibility that it will become a party given that Sam’s Club is the only company alleged to have provided appellants with a questioned electronically-printed receipt. Furthermore, appellants do not dispute Sam’s Club’s assertion that the judge’s son is in no way involved in this case, and that no lawyer in that law firm has ever appeared in this case in any capacity. Appellants’ counsel seems to be grasping at straws blowing in the wind in order to litigate this case further.
We conclude that the district court acted properly in denying appellants’ motion to recuse.
III. Conclusion
For the foregoing reasons, we affirm.

. Hammer was the sole named plaintiff in the original complaint. Hammer subsequently filed an amended complaint adding White as a named plaintiff and WalMart Stores, Inc., and Sam’s West, Inc., as defendants.

. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

. See Havens Realty Corp. v. Coleman, 455 U.S. 363, 373-74, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982) (holding that an individual who receives false information in violation of section 804(d) of the Fair Flousing Act has standing to bring a claim regardless of whether the violation results in actual injury to the individual); Edwards v. First Am. Corp., 610 F.3d 514, 517 (9th Cir.2010) (holding that Real Estate Settlement Procedures Act granted plaintiff certain rights to judicial relief sufficient to confer Article III standing even though the plaintiff did not suffer actual damages); Robey v. Shapiro, Marianos & Cejda, L.L.C., 434 F.3d 1208, 1211 (10th Cir.2006) ("Congress may expand the range or scope of injuries that are cognizable for purposes of Article III standing by enacting statutes which create legal rights.”); FMC Corp. v. Boesky, 852 F.2d 981, 993 (7th Cir.1988) (concluding that the plaintiff sufficiently alleged the violation of a state-law right "that in itself would suffice to satisfy Article Ill's injury requirement” even in the absence of a specific finding of actual injury (emphasis added)); Dryden v. Lou Budke’s Arrow Fin. Co., 630 F.2d 641, 647 (8th Cir.1980) (explaining that claimants "need not show that they sustained actual damages stemming from the [Truth in Lending Act] violations proved before they may recover the statutory damages the Act also provides for”).

. The dissenting author asserts that we have "[i]gnor[ed] the last thirty-nine years of Article III standing jurisprudence” in holding that Hammer and White have Article III standing to bring their claim. In support, the author cites a score of cases in which the U.S. Supreme Court repeats the unremarkable proposition that a plaintiff must have suffered a concrete and particularized injury-in-fact in order to satisfy Article III standing. See infra dissent, Part I.A. But it bears repeating that to our knowledge, every federal circuit court of appeals to have addressed whether a plaintiff is permitted to recover statutory damages under the FCRA liability provision in the absence of actual damages has answered in the affirmative. Moreover, not one of these courts has concluded that the FCRA liability provision violates constitutional standing principles. Federal jurisprudence supports our holding with respect to Article III standing.

. Having concluded that Sam’s Club's interpretation of 15 U.S.C. § 1681 c(g)(l) is objectively reasonable, we do not consider evidence in the record put forth by appellants that allegedly shows an intentional or bad faith violation of FACTA by Sam’s Club. See Safeco, 551 U.S. at 70 n. 20, 127 S.Ct. 2201 (stating that evidence of subjective bad faith should not be taken into account "in determining whether a company acted knowingly or recklessly for purposes of § 1681n(a)” when the company’s reading of the statute is objectively reasonable); Levine v. World. Fin. Network Nat’l Bank, 554 F.3d 1314, 1319 (11th Cir.2009) ("Safeco makes clear that evidence of subjective bad faith cannot support ‘a willfulness finding ... when the company’s reading of the statute is objectively reasonable.' ”).