# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1820

_____

Davis Neurology PA, on behalf of itself and all other entities and persons similarly situated,

*Plaintiff - Appellant,*

v.

DoctorDirectory.com LLC; Everyday Health Inc.,

*Defendants - Appellees,*

John Does, 1-10, intending to refer to those persons, corporations or other legal Entities that acted as agents, consultants, Independent contractors or representatives,

*Defendants.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 11, 2018
Filed: July 23, 2018

_____

Before COLLOTON, BENTON, and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

The district court entered judgment on the pleadings for the defendants in this case, and the plaintiff appeals. There is a preliminary issue, however, concerning whether the lawsuit was properly removed from Arkansas state court to federal court. We conclude that the removal was untimely, and that the district court thus lacked jurisdiction to rule on the merits, so we vacate the judgment on the pleadings and remand with directions to return the case to state court.

Ordinarily, a defendant must file a notice of removal in a civil action within thirty days of the date on which the defendant received a copy of the complaint. 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained* that the case is one which is or has become removable." *Id.* § 1446(b)(3) (emphasis added). The parties in this case dispute when it was first ascertainable that the action was removable.

In January 2016, Davis Neurology, PA, brought a putative class action in Arkansas state court, alleging that defendants DoctorDirectory.com, LLC and Everyday Health, Inc. (collectively, "Doctor Directory"), violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). The alleged violation occurred when the defendants sent Davis Neurology an unsolicited facsimile that contained an invitation to participate in a research study. Doctor Directory promptly removed the case to the United States District Court for the Eastern District of Arkansas.

At that time, the law of this circuit took a broad view of Article III standing. One decision held that the injury-in-fact requirement could be met "*solely* by the invasion of a legal right that Congress *created*." *Hammer v. Sam's E., Inc.*, 754 F.3d 492, 498 (8th Cir. 2014). Therefore, a bare allegation that Doctor Directory violated

the procedures of the TCPA likely would have been sufficient to establish a case or controversy in a district court of this circuit.

Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), however, clarified that Article III "requires a concrete injury even in the context of a statutory violation," and that a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm." *Id.* at 1549; *see also Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016). After *Spokeo*, Doctor Directory moved in the district court for judgment on the pleadings. The motion argued that Davis Neurology lacked Article III standing because it had pleaded only a technical violation of the TCPA and not a concrete injury in fact.

Rather than rule on the motion, the district court remanded the case to state court *sua sponte* on June 29, 2016. The court thought Doctor Directory had taken a "contrarian position" by removing the case to federal court and then arguing that the federal court lacked subject matter jurisdiction. Citing doubt as to whether Davis Neurology had Article III standing, the district court concluded that remand was the proper course.

Back in state court, Doctor Directory moved for a more definite statement about whether Davis Neurology was seeking damages for a concrete and particularized injury. Davis Neurology opposed the motion, but included the following footnote: "Like other TCPA 'junk fax' cases, plaintiff's Complaint makes clear that it seeks recovery of actual injury-in-fact in addition to its statutory remedy." This pleading was filed on September 2, 2016.

On September 26, 2016, Doctor Directory filed a second notice of removal, claiming that the footnote in Davis Neurology's state-court filing was the first definitive notice that Davis Neurology was alleging an injury in fact that was separate and distinct from the alleged statutory violation. Doctor Directory argued that its

ability to remove the action was first ascertainable from the pleading filed on September 2, and that the notice of removal filed twenty-four days later was timely under § 1446(b)(3). Davis Neurology responded that the removal was untimely because the September 2 footnote added nothing to allegations of injury in the complaint or in earlier briefing, and urged the district court to remand the case to state court again.

The district court denied the motion for remand, concluding that "the Article III standing question was cured" when Davis Neurology filed its state-court pleading on September 2, 2016. The court eventually granted judgment on the pleadings for Doctor Directory on the ground that the challenged facsimile was not an "unsolicited advertisement" governed by the TCPA.

Davis Neurology appeals the judgment. Before addressing the merits, Davis Neurology continues to maintain that the second notice of removal was untimely, and that the district court thus lacked jurisdiction over the action. We review that issue *de novo*. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 973 (8th Cir. 2011).

The removal statute provides that an action brought in state court may be removed if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The time limit on removal in § 1446(b)(3) depends on the date when it may "first be ascertained" that a case is "removable." The parties do not address whether Article III standing is an element that makes a case "removable," or whether the statute refers only to ascertainment of the bases for "original jurisdiction" in the district courts, such as a federal question under § 1331 or diversity of citizenship under § 1332. But assuming for the sake of analysis that § 1446(b)(3) allows removal within thirty days of the date on which a party's Article III standing is first ascertainable, we conclude that Davis Neurology's September 2 footnote cannot serve as the basis for removal under § 1446(b)(3).

-4-

Davis Neurology made a nearly identical statement of injury in fact more than three months earlier. On May 23, 2016, Davis Neurology and Doctor Directory filed a revised joint report pursuant to Federal Rule of Civil Procedure 26(f). In that report, Davis Neurology stated that "consistent with other TCPA 'junk fax' cases, plaintiff here seeks recovery of actual injury-in-fact in addition to its statutory remedy." Then, on June 23, in its response to the motion for judgment on the pleadings, Davis Neurology referred to "lost time and spent resources" caused by the allegedly offending facsimile. That pleading argued that "operational costs for the machine, paper, and the risk of losing legitimate business while the machine is tied up with unsolicited advertisements" constituted injuries in fact.

These two filings in May and June provided Doctor Directory with information about Davis Neurology's alleged injury that was at least equivalent to the statement set forth in the September 2 footnote. So even if Doctor Directory was entitled to additional time for removal based on uncertainty about Davis Neurology's standing to sue, the clock started to run no later than June 23. The second notice of removal filed September 26 was well outside the thirty-day time limit established by § 1446(b)(3). Accordingly, the district court erred when it denied Davis Neurology's motion for remand.

Because second notice of removal was untimely, the district court should have remanded the case to state court without reaching the merits of the action. We therefore vacate the judgment, and remand to the district court with instructions to return the case to state court.

_____