# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2334

_____

Plymouth County, Iowa, Darin J. Raymond, by and through agent of

*Plaintiff - Appellant*

v.

Merscorp, Inc.; Mortgage Electronic Registration Systems, Inc.; Bank of America
N.A.; BAC Home Loans Servicing, LP; CitiMortgage, Inc.; EverHome Mortgage Company

*Defendants - Appellees*

GMAC-Residential Funding Corporation

*Defendant*

HSBC Bank USA, N.A.; JPMorgan Chase Bank; Chase Home Finance LLC; EMC
Mortgage Corporation; SunTrust Mortgage, Inc.; Wells Fargo Bank, N.A.; Wells
Fargo Home Mortgage, Inc.; WMC Mortgage Corporation; John Doe, *Defendant*s 1-100

*Defendants - Appellees*

Corinthian Mortgage Corporation

*Defendant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

_____

Before RILEY, Chief Judge, COLLOTON and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Plymouth County, on its own behalf and on behalf of all similarly situated counties in Iowa, brought suit in state court alleging that Appellees, various loan originators and servicers (Lenders), deprived the County of revenue by using the Mortgage Electronic Registration System (MERS) to avoid paying recording fees on mortgage assignments. The Lenders removed the action to federal court and filed a motion to dismiss, which the district court[1] granted. Plymouth County appeals, asserting that the district court erred in dismissing the complaint on the merits and in denying its motion to alter or amend the judgment and for leave to file an amended complaint. We affirm.

I.

Generally, under Iowa law, mortgages on real property and any subsequent assignments are recorded with the county recorder in the county where the real property is located. A fee is paid to the county when mortgages or assignments are recorded. The introduction of MERS significantly altered the recording process by establishing a national electronic registry to track mortgages and subsequent assignments. MERS does not originate, assign, or service any mortgages, but instead charges a fee when members record or transfer a mortgage on the registry. Upon

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

initial recording, mortgages are recorded with the county recorder and MERS becomes the mortgagee of record.  With subsequent transfers, MERS remains the mortgagee of record in the county property records, but tracks the transfers for priority purposes on its registry.  These transfers are not recorded with the county recorder in the county where the real property is located.  The Lenders in this suit are alleged to be members of MERS who register and track changes on the mortgages they maintain in the MERS database or shareholders of MERSCORP.

Plymouth County initiated this class action in state court against the Lenders alleging that the Lenders intentionally failed to record mortgage assignments in the county recorder's office and failed to pay the accompanying recording fees in violation of Iowa law.  The County brought claims for unjust enrichment and civil conspiracy and sought declaratory judgment, injunctive relief, and to pierce the corporate veil.  After removing to federal court, the Lenders filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The Lenders also challenged Plymouth County's standing to bring the suit.

The district court granted the Lenders' motion to dismiss, finding that a determination of whether Iowa's Recording Act imposed a mandatory recording requirement resolved all of the claims.  Although the County asserted that its complaint did not allege a mandatory recording requirement, the district court found this to be "blatantly contrary" to the allegations contained in the complaint.  The district court found that the Iowa Recording Act does not impose a duty to record mortgages and assignments in the county where the property is located.  Because the district court determined that Iowa law did not impose a mandatory recording requirement, the court dismissed all of the County's claims on the basis that they could not survive in the absence of mandatory recording.

After the district court granted the motion to dismiss, Plymouth County filed a motion to alter or amend the judgment and for leave to file an amended complaint.

Plymouth County argued that reconsideration was necessary because its brief in opposition to the motion to dismiss requested leave to amend the complaint, and the district court made no ruling on this request. The district court acknowledged the oversight and reconsidered the County's request to amend the complaint. Finding that allowing the County leave to amend the complaint would be futile because the otherwise meritless claims could not be saved by amendment, the district court denied the motion. This appeal followed.

II.

We first consider whether Plymouth County has standing to bring this suit. The Lenders argue that Plymouth County lacks standing because it has suffered no injury in fact from mortgagees' use of MERS over the county recorder system. We review a determination that a party has standing de novo. St. Paul Area Chamber of Commerce v. Gaertner, 439 F.3d 481, 484 (8th Cir. 2006). A plaintiff has standing when he suffers a concrete injury, or an "injury in fact." Urban Contractors Alliance of St. Louis v. Bi-State Dev. Agency, 531 F.2d 877, 881 (8th Cir. 1976) (internal quotation marks omitted). "The test of constitutional standing has been variously expressed as 'real and immediate injury' to the plaintiff, 'a distinct and palpable injury to himself,' or 'injury in fact'. . . . [I]t is fundamental that the plaintiff himself must have suffered the injury he seeks to redress." Id. (citations omitted).

The injury Plymouth County has identified is sufficient to support standing. The County alleged that the use of MERS to bypass recordation with the county recorder has deprived the County of fees associated with recordation and interfered with the County's duty as the recorder of property records. We believe this is a sufficient injury in fact to allow the County to maintain an action against the Lenders. Further, other courts considering the standing of counties bringing similar claims have determined that the parties had standing. See Christian Cnty. Clerk v. Mortg. Elec. Registration Sys., Inc., 515 F. App'x. 451, 454 (6th Cir. 2013) (finding county

-4-

had standing to bring suit against MERS in case interpreting Kentucky law); Fuller v. Mortg. Elec. Registration Sys., Inc., 888 F.Supp. 2d 1257, 1269-70 (M.D. Fla. 2012) ("Plaintiff has alleged an injury in fact–that the MERS recording system both usurps his lawful authority to maintain public land records and reduces the amount of revenue his office receives. In addition, Plaintiff alleges that this 'non-public recording' interferes with the integrity of the public records by misstating that MERS is the true mortgage holder and rendering the public unable to identify who has the true mortgage interest in the property. With these allegations, Plaintiff has satisfied Article III's standing requirements."). Because Plymouth County's loss of fees and the interference with the recording system are sufficient injuries, we conclude that Plymouth County has standing to pursue these claims.

III.

We next consider whether the district court erred in dismissing Plymouth County's unjust enrichment and civil conspiracy claims and in denying its requests to pierce the veil and for injunctive and declaratory relief. We review the dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) de novo. Botten v. Shorma, 440 F.3d 979, 980 (8th Cir. 2006). Plymouth County first argues that the Lenders have been unjustly enriched because MERS allows the Lenders to realize the benefits of the recording system by maintaining priority without paying the accompanying fee to the County. Plymouth County asserts that the district court's dismissal of this claim was in error, claiming not that there is a duty to record a mortgage under Iowa law, but instead that MERS enjoys protection afforded by recording mortgage assignments at the expense of the County.

Our own court has recently held that when state law imposes no duty to record a mortgage or subsequent assignment, a county cannot successfully state a claim for unjust enrichment. See Brown v. Mortg. Elec. Registration Sys., Inc., 738 F.3d 926, 934-35 (8th Cir. 2013) ("Because Arkansas law does not impose a duty on assignees

of real estate mortgages to record those assignments, Brown's state law unjust enrichment and ADTPA claims do not state a claim."). Other courts considering the issue have also reached the same conclusion. See, e.g., Macon Cnty., Ill. v. MERSCORP, Inc., 742 F.3d 711, 714 (7th Cir. 2014) ("[Defendants] are not deriving any benefit from the County's method, the recording system, beyond the recording of the mortgage assignments to MERSCORP–for which MERSCORP pays the County's fee. Rather, the defendants are bypassing the County's recording system, as they are entitled to do because there is no requirement that either the initial granting of a mortgage or its assignment be recorded, let alone that the assignment of a promissory note be recorded.").

The district court determined that Iowa law imposes no duty to record mortgages or subsequent assignments, and Plymouth County concedes this point. See Shoemaker v. Ragland, 211 N.W. 564, 566 (Iowa 1926) ("It is true we have no statute which, in express terms, requires the recording of assignments of mortgages either of real or personal property . . . ."); Shoemaker v. Minkler, 211 N.W. 563, 564 (Iowa 1926) ("There is no requirement of statute that mortgage assignments be placed of record . . . ."). Without a duty to record mortgage assignments under Iowa law, Plymouth County cannot successfully state a claim for unjust enrichment. The Lenders have withheld no money which in good conscience belongs to the County because Iowa law does not require that all mortgagees record their instruments with the county recorder. See In re Stratman's Estate, 1 N.W.2d 636, 642 (Iowa 1942) (explaining that to prevail on an unjust enrichment claim a plaintiff must show that the "defendant has received money which in equity and good conscience belongs to plaintiff"). A mortgagee's decision to record a mortgage assignment with MERS and pay it the corresponding fee does not result in MERS obtaining payment of money which belongs to Plymouth County. Because Iowa law does not impose a duty on assignees to record assignments of real estate mortgages, Plymouth County's unjust enrichment claim fails to state a claim upon which relief may be granted.

Plymouth County's remaining claims similarly fail in the absence of a mandatory recording requirement. The civil conspiracy claim cannot survive without mandatory recording because "[c]ivil conspiracy is not in itself actionable; rather it is the acts causing injury undertaken in furtherance of the conspiracy [that] give rise to the action." Basic Chems., Inc. v. Benson, 251 N.W.2d 220, 233 (Iowa 1977). There is no underlying unlawful conduct to support the claim that the Lenders engaged in a concerted effort to commit unlawful acts. Plymouth County's request to pierce the veil fails because it is a remedy rather than a cause of action. See Tamko Roofing Prods., Inc. v. Smith Eng'g Co., 450 F.3d 822, 826 n.2 (8th Cir. 2006). The underlying claims fail because there is no duty to record a mortgage assignment under Iowa law, providing no basis to seek this remedy. Likewise, Plymouth County's request for injunctive relief was properly denied on the basis that injunctive relief is not appropriate when the underlying claims fail. See Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 813 (8th Cir. 2008). We decline to consider Plymouth County's request for declaratory relief because it has abandoned this claim. See Appellant's Br. 27 n. 18 (The County "will not press its claim for declaratory relief as pled in its initial Complaint on this appeal."). In sum, because Plymouth County's claims are dependent upon a mandatory recording requirement, we affirm the district court's dismissal of the complaint on the merits.

V.

We finally consider whether the district court erred in denying Plymouth County's motion to amend or alter the judgment and for leave to amend the complaint under Federal Rule of Civil Procedure 59(e). Generally, we review a district court's denial of a motion to amend a complaint for abuse of discretion. Ferguson v. Cape Girardeau Cnty., 88 F.3d 647, 651 (8th Cir. 1996). But we conduct a de novo review of the underlying legal conclusion as to whether the proposed amendment to the complaint would be futile. U.S. ex rel Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 936 (8th Cir. 2001). Under Federal Rule of Civil Procedure 15(a), leave to

amend a complaint should be freely given in order to promote justice. <u>Ferguson</u>, 88 F.3d at 650. But a party is not entitled to amend a complaint without making a showing that such an amendment would be able to save an otherwise meritless claim. <u>Wisdom v. First Midwest Bank</u>, 167 F.3d 402, 409 (8th Cir. 1999). A district court thus may deny a motion to amend a complaint when such an amendment would be futile. <u>See</u> <u>id.</u>

The County alleges that its proposed amended complaint would not be futile because it removes all reference to Iowa's Recording Act imposing a duty to record mortgage assignments, and the district court denied the County's claims on the basis that it alleged a mandatory recording requirement. We believe, however, that these alterations to the original complaint do not rescue the underlying meritless claims. Although the proposed amended complaint makes no reference to any violation of a recording statute or other mandatory recording requirement, the underlying claims are still premised on the duty to record a mortgage assignment. Plymouth County's claims cannot survive in the absence of a mandatory recording requirement, and altering the language of the complaint does not allow the County to evade this barrier to stating a claim. Because we believe any amendment to the complaint would have proved futile, we find that the district court acted within its discretion in denying the motion to alter or amend.

## VI.

For the foregoing reasons, we find that Plymouth County has standing to pursue its claims. We further hold that the district court properly dismissed Plymouth County's claims for failure to state a claim upon which relief may be granted and acted within its discretion by denying Plymouth County's motion to alter or amend its complaint. The judgment of the district court is affirmed.

_____