# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1148

_____

Patrick Ryan Bray

*Plaintiff - Appellant*

v.

Bank of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 6, 2015
Filed: August 3, 2015
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Florida financial advisor Patrick Bray appeals the district court's orders dismissing his claims against Bank of America based on the anti-tying provision of the Bank Holding Company Act (BHCA), 12 U.S.C. § 1972, and state defamation law; denying him leave to amend; and denying his motion for reconsideration. Having jurisdiction under 28 U.S.C. § 1291, and having granted rehearing of this

court's opinion and judgment of June 9, 2015, this court now affirms in part, reverses in part, and remands.

The district court determined that Bray's BHCA claim should be dismissed under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) because Bray lacked Article III and statutory standing. After carefully reviewing the record and the parties' arguments on appeal, *see Plymouth Cnty., Iowa v. Merscorp, Inc.*, 774 F.3d 1155, 1158-59 (8th Cir. 2014) (appellate court reviews standing determinations and dismissal for failure to state claim de novo), this court reverses the dismissal of the BHCA claim, and remands for the district court to consider in the first instance whether Bray has standing in light of *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1391-92 (2010) (holding injured party who was not direct competitor of defendant may have statutory standing to bring unfair competition claim), *see Sygenta Seeds, Inc. v. Bungee North America, Inc.*, 773 F.3d 58, 64-65 (8th Cir. 2014) (reversing dismissal of Lanham Act claim, and remanding for reconsideration in light *Lexmark*); *Hammer v. Sam's East, Inc.*, 754 F.3d 492, 498-99 (8th Cir. 2014) (examining statute that created legal right at issue to determine whether Article III standing existed).

This court affirms the district court's dismissal of Bray's state-law claims, *see Plymouth Cnty.*, 774 F.3d at 1158-59 (standard of review for dismissals under Fed. R. Civ. P. 12(b)(6)), affirms the district court's orders in all other respects, *see Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1045-46 (8th Cir. 2014) (appellate court reviews denial of leave to amend for abuse of discretion); *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006) (appellate court reviews denial of motions under Fed. R. Civ. P. 59(e) or 60(b) for abuse of discretion), and denies Bank of America's pending motion to file a supplemental brief.

_____