# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-2828

———————————————

Blondell Mitchell

*Plaintiff - Appellant*

v.

Rick Sanchez; Rick Sanchez's staff and Program Manager(s) individually;
Unknown Host/Co-Host and guest(s), Individually of Time Warner who
participated; Unknown Rick Sanchez Guest Spots/interviews, (Individually) done
by other entities who participated; Cable Network News, CNN; CNN's
Responsible Management Teams, Individually; CNN's Board of Directors; Time
Warner Cable, Inc.; Time Warner Cable Inc. Responsible Management Teams;
Time Warner Cable Inc. Board of Directors; Time Warner, Inc.; Time Warner Inc.
and Responsible Management Teams; Time Warner Inc. Board of Directors; Media
Com; Media Com Board of Directors; Other unknown Time Warner entities, along
with their Board of Directors and or management Teams who participated
(example HLN)

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted: June 14, 2016
Filed: June 20, 2016
[Unpublished]

————————

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

PER CURIAM.

Blondell Mitchell appeals after the District Court[1] dismissed her complaint that asserted claims against the defendants under the Lanham Act and Iowa state law. After de novo review, we conclude that dismissal was proper. See Plymouth Cty. v. MERSCORP, Inc., 774 F.3d 1155, 1158 (8th Cir. 2014) (reviewing de novo a district court's dismissal for failure to state a claim); Nolles v. State Comm. for the Reorganization of Sch. Dists., 524 F.3d 892, 901 (8th Cir.) (reviewing de novo a "district court's interpretation and application of state law"), cert. denied, 555 U.S. 945 (2008). We first determine that Mitchell failed to state a claim under the Lanham Act. See 15 U.S.C. § 1125(a)(1)(A), (a)(1)(B) (describing claims for false description and false advertising); see also Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1395 (2014) (setting out the elements of a false-advertising claim). Further, Mitchell's state-law claims were barred by Iowa's two-year statute of limitations. See In re Marriage of Tigges, 758 N.W.2d 824, 830 (Iowa 2008) (noting that a two-year statute of limitations applies to an invasion-of-privacy claim); Kiner v. Reliance Ins. Co., 463 N.W.2d 9, 14 (Iowa 1990) (applying a two-year statute of limitations to a slander claim).

We affirm the judgment of the District Court.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.