# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3786

_____

United States of America

*Plaintiff - Appellee*

v.

2035, Inc., a corporation

*Defendant*

Robert Larry Lytle, an individual, doing business as 2035 PMA, doing business as
QLasers PMA

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted:  August 31, 2016
Filed: September 6, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In <u>Lytle v. U.S. Dep't of Health & Human Servs.</u>, 612 F. App'x 861 (8th Cir. 2015), we affirmed the district court's dismissal of Lytle's declaratory judgment action, but remanded for further consideration the district court's[1] preliminary injunction in the government's separate civil enforcement action against Lytle under the Federal Food, Drug, and Cosmetic Act (FDCA). 21 U.S.C. § 301 et seq.

After considering during its post-remand hearing the eight objections that Lytle's counsel raised with respect to the court's proposed permanent injunction, the district court entered the injunction, from which Lytle now appeals.

Having reviewed the record and the parties' arguments on appeal, we conclude that the only issues before us are whether subject matter jurisdiction exists and whether Lytle's preserved objections to the permanent injunction have merit. <u>See</u> <u>Dorse v. Armstrong World Indus., Inc.</u>, 798 F.2d 1372, 1375 (11th Cir. 1986) (where parties agreed to entry of order or judgment without reservation of issues sought to be appealed, one party may not later seek to upset judgment unless lack of consent or failure of subject matter jurisdiction is alleged; merits may be considered where party preserved issue).

We find that the district court had federal question jurisdiction over this action and that we have jurisdiction over this appeal, <u>see</u> 28 U.S.C. §§ 1331 (district courts shall have original jurisdiction over civil actions arising under laws of United States), 1292(a)(1) (courts of appeals have jurisdiction of appeals from interlocutory order granting or refusing to modify injunction); <u>ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters</u>, 645 F.3d 954, 958 (8th Cir. 2011) (appellate court reviews existence of subject matter jurisdiction de novo); <u>Warner Bros. Entm't, Inc. v. X One X Prod.</u>, 644 F.3d 584, 590 (8th Cir. 2011) (appellate court has jurisdiction over appeal of entry of

---

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

permanent injunction).  We also find that the permanent injunction was narrowly tailored to correct Lytle's violations of the FDCA, <u>see</u> Fed. R. Civ. P. 65(d); <u>cf.</u> <u>Doe v. South Iron R-1 Sch. Dist.</u>, 498 F.3d 878, 884 (8th Cir. 2007) (holding appellate court must carefully review injunction to determine that it is not overly broad; finding not overly broad the succinct, clearly written, conduct-limited preliminary injunction).

The district court's grant of a permanent injunction is affirmed.  We deny Lytle's pending motion to quash a grand jury subpoena and for the return of his property.

_____