# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3256
_____

Tonya Udoh; Emem Ufot Udoh, individually, and on behalf of their minor
children, K.K.W. and K.C.W.

*Plaintiffs - Appellants*

v.

Minnesota Department of Human Services; Charles E. Johnson; Donothan R.
Bartley; Ann Norton; Daniel Engstrom; Catrina Blair; City of Maple Grove; City
of Maple Grove Police Department; Melissa Parker; City of Plymouth; City of
Plymouth Police Department; Molly Lynch; Kelvin Pregler; Independent School
District No. 279; Joanne Wallen; Karen Wegerson; Ann Mock; Cornerhouse;
Patricia Harmon; Bill Koncar; Grace W. Ray; Linda Thompson

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: August 20, 2018
Filed: August 30, 2018
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In this civil rights action, Tonya Udoh and Emem Udoh (together, the Udohs) appeal after the district court[1] dismissed their complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(c), and denied them leave to amend their complaint. In their original complaint, the Udohs asserted constitutional claims on behalf of their minor daughters. On behalf of themselves, they asserted procedural and substantive due process claims, claims of unconstitutional policies or customs, a federal conspiracy claim, and several state-law claims. They also sought declaratory relief regarding the constitutionality of two Minnesota statutes.

Having carefully reviewed the record and the parties' arguments on appeal, we find no basis for reversal. *See Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (providing for de novo review of grant of motion to dismiss for failure to state claim under Rule 12(b)(6)); *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (explaining judgment on the pleadings is considered under the same standard used for a Rule 12(b)(6) motion); *see also Plymouth Cty. v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014) (providing for de novo review of the underlying legal conclusion of whether a proposed amendment to complaint would be futile; explaining a party is not entitled to amend the complaint without first demonstrating that such amendment would be able to save an otherwise meritless claim); *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (explaining the court may deny a motion to amend when amendment would be futile).

We first conclude that the district court properly dismissed, without prejudice, the claims the Udohs attempted to assert on behalf of their minor daughters. *See Myers v. Loudoun Cty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (joining vast majority of circuit courts in holding that non-attorney parents generally may not

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Steven E. Rau, United States Magistrate Judge for the District of Minnesota.

litigate claims of their minor children in federal court pro se); *cf. Alderman v. United States*, 394 U.S. 165, 174 (1969) (explaining that Fourth Amendment rights are personal rights which may not be vicariously asserted).

We further conclude that the federal claims the Udohs asserted on behalf of themselves were subject to dismissal, that it was proper for the court to decline to exercise jurisdiction over the state-law claims, that the Udohs failed to assert a viable basis for declaratory relief, and that leave to amend the complaint was appropriately denied on futility grounds. *See*, *e.g.*, *Schmidt v. Des Moines Pub. Schs.*, 655 F.3d 811, 817-19 (8th Cir. 2011) (discussing requirements for violations of procedural due process and substantive due process); *Dornheim v. Sholes*, 430 F.3d 919, 925-26 (8th Cir. 2005) (explaining the right to family integrity does not include a right to be free from investigations of child abuse because the state has a strong interest in protecting the safety and welfare of minor children, particularly where protection is considered necessary as against the parents themselves); *Thomason v. SCAN Volunteer Servs., Inc.*, 85 F.3d 1365, 1370-71 (8th Cir. 1996) (discussing qualified immunity for state officials in the context of child-abuse investigation); *R.S. v. State*, 459 N.W.2d 680, 690 (Minn. 1990) (upholding Minnesota statute as applied to permit interview of reported child-abuse victim without parental notice and consent when the alleged perpetrator is unknown); *see also* 28 U.S.C. § 1367(c)(3) (stating a district court may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (plaintiff seeking to impose § 1983 liability on local government body must allege official policy or widespread custom or practice of unconstitutional conduct that caused deprivation of constitutional rights*); Spirtas Co. v. Nautilus Ins. Co.*, 715 F.3d 667, 670-71 (8th Cir. 2013) (this court may affirm on any basis supported by record); *Slusarchuk v. Hoff*, 346 F.3d 1178, 1183 (8th Cir. 2003) (explaining that absent constitutional violation, there is no actionable § 1985 conspiracy claim).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____