# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1318

_____

Hollis J. Larson

*Plaintiff - Appellant*

v.

Minnesota Sex Offender Program, (MSOP); Lucinda Jesson, All sued in their individual capacities, and variously sued in their official capacities; Cal Ludeman, All sued in their individual capacities, and variously sued in their official capacities; Dennis Benson, All sued in their individual capacities, and variously sued in their official capacities; Erik Skon, All sued in their individual capacities, and variously sued in their official capacities; Greg Carlson, All sued in their individual capacities, and variously sued in their official capacities; Scott Benoit, All sued in their individual capacities, and variously sued in their official capacities; David Prescott, All sued in their individual capacities, and variously sued in their official capacities; Tim Gorr, All sued in their individual capacities, and variously sued in their official capacities; David Bornus, All sued in their individual capacities, and variously sued in their official capacities; Shelby Richardson, All sued in their individual capacities, and variously sued in their official capacities; Jannine Hebert, All sued in their individual capacities, and variously sued in their official capacities; Lou Stender, All sued in their individual capacities, and variously sued in their official capacities; Nancy Johnston, All sued in their individual capacities, and variously sued in their official capacities; Terry Kneisel, All sued in their individual capacities, and variously sued in their official capacities; Barry Anderson, All sued in their individual capacities, and variously sued in their official capacities; Marnie Dollinger, All sued in their individual capacities, and variously sued in their official capacities; Gary Grimm, All sued in their individual capacities, and variously sued in their official capacities; Leslie Barfknecht, All sued in their individual capacities, and variously sued in their official capacities; Jim Lind, All sued in their individual capacities, and variously sued in their official capacities; Steve Sajdak, All sued in their individual

capacities, and variously sued in their official capacities; Susan Johnson, All sued in their individual capacities, and variously sued in their official capacities; Laurie Severson, All sued in their individual capacities, and variously sued in their official capacities; David Paulson, All sued in their individual capacities, and variously sued in their official capacities; Ralph Schmidt, All sued in their individual capacities, and variously sued in their official capacities; Scott Sutton, All sued in their individual capacities, and variously sued in their official capacities; Ann Linkert, All sued in their individual capacities, and variously sued in their official capacities; Phil Wilder, All sued in their individual capacities, and variously sued in their official capacities; Kevin Moser, All sued in their individual capacities, and variously sued in their official capacities; Elizabeth Barbo, All sued in their individual capacities, and variously sued in their official capacities; Tom Lundquist, All sued in their individual capacities, and variously sued in their official capacities; Ann Zimmerman, All sued in their individual capacities, and variously sued in their official capacities; Debbie D. Thao, All sued in their individual capacities, and variously sued in their official capacities; Marie Skalko, All sued in their individual capacities, and variously sued in their official capacities; Teresa Knies, All sued in their individual capacities, and variously sued in their official capacities; Tara Osborne, All sued in their individual capacities, and variously sued in their official capacities; Julianna Beavens, All sued in their individual capacities, and variously sued in their official capacities; Yvette Andersen, All sued in their individual capacities, and variously sued in their official capacities; Joanne Christenson, All sued in their individual capacities, and variously sued in their official capacities; Jon Hibbard, All sued in their individual capacities, and variously sued in their official capacities; Blake Carey, All sued in their individual capacities, and variously sued in their official capacities; Thane Murphy, All sued in their individual capacities, and variously sued in their official capacities; David Ferrian, All sued in their individual capacities, and variously sued in their official capacities; Anita L. Moonen, All sued in their individual capacities, and variously sued in their official capacities; Julie Rose, All sued in their individual capacities, and variously sued in their official capacities; Brian Ninneman, All sued in their individual capacities, and variously sued in their official capacities; John Does, All sued in their individual capacities, and variously sued in their official capacities; Jane Does, All sued in their individual

capacities, and variously sued in their official capacities; Daniel Storkamp, All sued in their individual capacities, and variously sued in their official capacities

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 2, 2024
Filed: October 7, 2024
[Unpublished]
_____

Before LOKEN, GRUENDER, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Minnesota civil detainee Hollis Larson appeals the district court's[1] dismissal of his pro se 42 U.S.C. § 1983 action. Following a careful review, we conclude that the district court did not err in dismissing the action. See Plymouth Cty. v. Merscorp, Inc., 774 F.3d 1155, 1158 (8th Cir. 2014) (de novo review of grant of motion to dismiss).

We agree that Larson's general claims about punitive conditions in the Minnesota Sex Offender Program were precluded by the resolution of Karsjens v. Harpstead, 74 F.4th 561 (8th Cir. 2023). See Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 874, 880 (1984) (judgment in a class action is binding on

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Dulce J. Foster, United States Magistrate Judge for the District of Minnesota.

class members in any subsequent litigation and the principles of claim and issue preclusion apply). To the extent Larson raised claims based on his specific allegations about force used against him, and medical care provided to him, related to a July 2011 incident, the district court did not err in finding that he failed to state a claim, and that defendants were entitled to qualified immunity. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (although pro se complaints are to be construed liberally, they still must allege sufficient facts to support claims advanced; court will not supply additional facts or construct legal theory for plaintiff); LaCross v. City of Duluth, 713 F.3d 1155, 1157 (8th Cir. 2013) (qualified immunity shields government officials from liability in a section 1983 action unless the official's conduct violates a clearly established constitutional or statutory right).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____