# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1444
_____

Michael Dutcher

*Plaintiff - Appellant*

v.

Trevor Foley; Deanna Duff; Chrystal Schmitz; David Vandergriff; Jason Lewis; Daniel Francis; Jennifer Currie; Brian Davis; Daniel Adams; Timothy Brown; Jeremiah Richardson; Randall Odle; Nicholas Skaggs; Kevin Eckhoff; Steven Francis; Carl Miller; Rachel Gettinger; Samantha Kelley; Jarrod Anselmo; Benjamin Dement; John Hummonds

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 8, 2026
Filed: April 13, 2026
[Unpublished]
_____

Before GRUENDER, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Missouri inmate Michael Dutcher appeals the district court's dismissal of his pro se complaint challenging his confinement in administrative segregation (ad seg). Upon careful review, we conclude that the district court did not err in construing Dutcher's filing as a 42 U.S.C. § 1983 complaint instead of a mandamus petition. *See Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380-81 (2004) (describing requirements for a writ of mandamus). We also conclude that Dutcher could not base a section 1983 claim on an alleged violation of the Interstate Corrections Compact, and that he did not adequately allege a violation of his Eighth Amendment rights. *See Plymouth Cty. v. Merscorp, Inc.*, 774 F.3d 1155, 1158 (8th Cir. 2014) (reviewing Fed. R. Civ. P. 12(b) dismissal de novo).

However, we conclude that, at this early stage, Dutcher adequately stated a due process claim based on his prolonged placement in ad seg without meaningful review, as he alleged that prison officials told him the outcomes of his periodic reviews were predetermined and that he would never be removed from ad seg because of his actions while incarcerated in Iowa, regardless of his behavior. *See Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983) (noting that administrative segregation may not be used as a pretext for indefinite confinement of an inmate, prison officials must engage in some sort of periodic review of the confinement of such inmates); *Williams v. Hobbs*, 662 F.3d 994, 1007-09 (8th Cir. 2011) (affirming district court's finding after trial that prison officials failed to afford inmate a meaningful ad seg review process where officials confirmed that, even if inmate proved to be a model prisoner, they would always vote to keep him in ad seg in light of his past transgressions); *Kelly v. Brewer*, 525 F.2d 394, 400 (8th Cir. 1975) (holding that, where an inmate is held in segregation for a prolonged or indefinite period of time, due process requires that his situation be reviewed periodically in a meaningful way and by relevant standards to determine whether he should be retained in segregation or returned to population).

Accordingly, we affirm in part, reverse in part, and remand to the district court for further proceedings as to Dutcher's due process claim.

_____