[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 7, 2012
JOHN LEY
CLERK

No. 11-12513
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-21435-MGC

E. JENNIFER NEWMAN,

                                        Plaintiff-Appellant,

versus

GREGG J. ORMOND,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 7, 2012)

Before DUBINA, Chief Judge, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant E. Jennifer Newman appeals the district court's grant of summary judgment in favor of Gregg J. Ormond in her suit filed pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(5). This case is before us for a second time. Previously, we reversed in part the district court's first grant of summary judgment in favor of Ormond and remanded for further proceedings. On remand, Ormond filed a second motion for summary judgment and attached new evidence in support of his motion. Newman argues on appeal that our prior mandate–in which we remanded because "a genuine issue of material fact exist[ed] as to whether Ormond intended to take the legal action that he threatened in the writs of execution"–was a final, binding, non-negotiable decision regarding Ormond's intent that should be reaffirmed under the law-of-the-case doctrine. Newman also argues that the district court erred in granting summary judgment to Ormond because the inferences from the record should have been resolved by the trier of fact, and our prior decision held that sending a writ of execution to a debtor constituted a threat.

## I.

We review a district court's ruling on summary judgment *de novo*. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 (11th Cir. 2010). We also review a district court's application of the law-of-the-case doctrine *de novo*. *Alphamed,*

2

*Inc. v. B. Braun Medical, Inc.*, 367 F.3d 1280, 1285 (11th Cir. 2004). "Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case." *Id.* at 1285-86. "The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality and obedience within the judicial system." *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1511 (11th Cir. 1987).

However, the law-of-the-case doctrine only bars consideration of "those legal issues that were actually, or by necessary implication, decided in the former proceeding." *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1288 (11th Cir. 2000) (internal quotation marks omitted). Further, "[e]xceptions to this doctrine apply when substantially different evidence is produced, when there has been a change in controlling authority, or when the prior decision was clearly erroneous and would result in manifest injustice." *Jackson v. Ala. State Tenure Com'n*, 405 F.3d 1276, 1283 (11th Cir. 2005). Thus, "when the evidence and the inferences that may be drawn from [the record] change, the issue presented changes as well," such that "the law of the case is the law made on a given set of facts." *Id.*

We conclude from the record that the new evidence that Ormond attached to his second summary judgment motion provided an exception to the

3

law-of-the-case doctrine, such that the district court did not violate that doctrine in granting summary judgment based on the new record before it.

## II.

The FDCPA prohibits a debt collector from threatening to take any action that legally cannot be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5). In establishing a claim under § 1692e(5), whether the action threatened is "one which could be legally taken" is a separate inquiry from the inquiry regarding whether the debt collector threatened "to take any action . . . not intended to be taken." *LeBlanc*, 601 F.3d at 1193 & n.14. A claim raised under § 1692e(5) "requires proof of a fact which amounts to a *per se* violation [and the] sophistication, or lack thereof, of the consumer is irrelevant to whether [the debt collector] threatened to take any action that was not intended to be taken." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (internal quotation marks and alterations omitted). A debt collector's "conclusory affidavit" that there was intent to take a certain course of legal action is not dispositive, especially in light of conflicting evidence. *Id*. at 1177. Thus, where the parties agree on the basic facts of the case, but reasonably disagree upon the proper inferences to be drawn from the debt collector's actions, there exists a genuine issue of material fact that should be determined by the trier of fact and not by the court in a summary judgment context. *See id*. at 1176-77.

4

Based on the new record before us, we conclude that there is no genuine issue of material fact regarding Ormond's intent to use the writs of execution against Newman, as the record demonstrates that Ormond actively attempted to do so, but was unable to levy or seize any of Newman's assets due to her recalcitrance during the discovery process.  Accordingly, we affirm the grant of summary judgment in favor of Ormond.

**AFFIRMED.**