Aviyawna **MICHAEL**, Plaintiff,

v.

**HOVG, LLC, Defendant.**

**Case No. 16–cv–62651–BLOOM/Valle**

United States District Court, S.D. Florida.

Signed 01/10/2017

---

Thomas John Patti, III, Thomas-John Law, PA, Jibrael Jarallah Said Hindi, The Law Offices of Jibrael S. Hindi, Fort Lauderdale, FL, for Plaintiff.

Kevin Monroe Vannatta, Lewis Brisbois Bisgaard & Smith LLP, Fort Lauderdale, FL, for Defendant.

## ORDER ON MOTION TO DISMISS

BETH BLOOM, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** is before the Court upon Defendant HOVG, LLC's ("Defendant") Motion to Dismiss, ECF No. [13] (the "Motion"). The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff Aviyawna Michael ("Plaintiff") brings claims against Defendant under the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"), stemming from a letter Defendant sent to Plaintiff on or about August 11, 2016, included with Plaintiff's Complaint. *See* ECF Nos. [1] ("Complaint"); [1–3] ("Letter"). Plaintiff claims that due to certain language contained in the Letter and "a Quick Response ("QR") code [displayed] through the transparent window of the envelope," Defendant violated the FDCPA and FCCPA. *See* Complaint ¶¶ 19–35, 37(a)-(c), 39–40. Defendant filed the instant Motion on December 12, 2016, arguing that the Court must dismiss the Complaint because Plaintiff lacks standing pursuant to *Spokeo, Inc. v. Robins*, —— U.S. ——, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016), *as revised* (May 24, 2016) (hereinafter, *Spokeo*), and Plaintiff fails to state a claim under the FDCPA and FCCPA. Plaintiff's Response and Defendant's Reply timely followed. *See* ECF Nos. [15], [19].

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on " 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F.Supp.2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955;

see *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682, 129 S.Ct. 1937). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III. DISCUSSION

The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers, and prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f; *see* 15 U.S.C. § 1692e; *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). Under the FDCPA, a debt collector who "fails to comply with any provision ... with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and "additional damages." 15 U.S.C. § 1692k(a). "In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) he was the object of collection

activity arising from consumer debt; (2) Defendant qualifies as a 'debt collector' under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA." *Dunham v. Lombardo, Davis & Goldman*, 830 F.Supp.2d 1305, 1306–07 (S.D. Fla. 2011) (citing *Wise v. Cach*, 2010 WL 1257665, *2 (S.D. Fla. Mar. 26, 2010)). "The first element of an FDCPA claim has two requirements— there must be collection activity and this activity must relate to a consumer debt." *Id.* at 1307 (citing *Buckley v. Bayrock Mortg. Corp.*, 2010 WL 476673, *6 (N.D. Ga. Feb. 5, 2010)). Defendant challenges Plaintiff's standing to bring suit, and additionally argues that the Complaint fails to adequately plead a violation of the FDCPA and FCCPA. The Court addresses each argument in turn.

## A. Standing

As the issue is jurisdictional, the Court first addresses Plaintiff's standing to bring suit. Standing requires that a plaintiff have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S.Ct. at 1547 (internal citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* (quotations omitted). For the injury to be "concrete," it must be "real," and not "abstract"; however it need not be "tangible." *Id.* at 1548–49.

In *Spokeo* the Supreme Court recognized that "Congress may 'elevate to the status of legally cognizable injuries, concrete, de facto injuries that were previously inadequate in law." 136 S.Ct. at 1549 (quoting *Lujan*, 504 U.S. at 578, 112 S.Ct. 2130 (alteration omitted)). "In other words, the Supreme Court recognized where Congress has endowed plaintiffs with a substantive legal right, as opposed to creating a procedural requirement, the plaintiffs may sue to enforce such a right without establishing additional harm." *Guarisma v. Microsoft Corp.*, 209 F.Supp.3d 1261, 1265, 2016 WL 4017196, at *3 (S.D. Fla. 2016); *see Bouton v. Ocean Properties, Ltd.*, 201 F.Supp.3d 1341, 1351–52, 2016 WL 7324143, at *7 (S.D. Fla. 2016). Since *Spokeo*, the Eleventh Circuit has held that a plaintiff who alleged a violation of the FDCPA but did not allege actual damages had nonetheless plead a concrete injury because Congress, "(1) in enacting the FDCPA, ... created a substantive right to receive the required disclosures in relevant communications; and (2) the defendant violated this substantive right by failing to provide such disclosures." *Guarisma*, 209 F.Supp.3d at 1265, 2016 WL 4017196, *3 (citing *Church v. Accretive Health, Inc.*, 654 Fed.Appx. 990, 994 (11th Cir. 2016)). Of course, the FDCPA does not merely provide debtors with a right to receive disclosures, but rather, is designed to combat "the serious and widespread abuses in the [debt collection area]." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1173 (11th Cir. 1985) (quoting S. Rep. No. 95–382, 95th Cong., 1st Sess., reprinted in 1977 U.S. Code Cong. & Ad. News 1695, 1697); *see Owen*, 629 F.3d at 1270. To effectuate Congress's intent, "[t]he FDCPA creates a private right of action, ... authoriz[ing] an aggrieved debtor to file suit for a debt collector's failure to comply with the Act." *Church*, 654 Fed.Appx. at 994 (citing 15 U.S.C. § 1692k(a) ("[A]ny debt collector

who fails to comply with any provision of this subchapter with respect to any person is liable to such person. . . .")). "Thus, through the FDCPA, Congress has created a new right," including "the right to receive . . . required disclosures in communications governed by the FDCPA—and a new injury—not receiving such disclosures." *Church*, 654 Fed.Appx. at 994.

While *Church* concerned an alleged violation of 15 U.S.C. §§ 1692e(11) and 1692g(a)(1)–(5), the Eleventh Circuit recognized that such violation results in harm "that Congress has elevated to the status of a legally cognizable" and concrete injury. Nothing in *Church* indicates that the Eleventh Circuit would determine otherwise if the rights at issue, as in the instant case, concerned a violation of a debtor's right to be free from "false representation or deceptive means" or "unfair or unconscionable" practices under 1692e(10) and 1692f, respectively.[1] *Church*, 654 Fed.Appx. at 995; *see Guarisma*, 209 F.Supp.3d at 1266, 2016 WL 4017196, at *4 (citing *Hammer v. Sam's E., Inc.*, 754 F.3d 492, 498–99 (8th Cir. 2014) ("By enacting 15 U.S.C. § 1681c(g)(1), Congress gave consumers the *legal right* to obtain a receipt at the point of sale showing no more than the last five digits of the consumer's credit or debit card number. Appellants contend that Sam's Club invaded this right. . . . Thus, we conclude that appellants have alleged an injury-in-fact sufficient to confer Article III standing." (emphasis in original)); *see also Jones v. Advanced Bureau of Collections LLP*, 317 F.R.D. 284, 289 n.2 (M.D. Ga. 2016); *Moody v. Ascenda USA Inc.*, 2016 WL 5900216, at *5 (S.D. Fla. Oct. 5, 2016). In light of *Church* and other persuasive authority issued since *Spokeo*, Defendant's standing challenge, therefore, cannot stand.

## B. Substantive violations

### 1. 15 U.S.C. § 1692f(8)

■ As to the FDCPA allegations themselves, Plaintiff first claims that Defendant violated § 1692f(8) "by using any symbol, other than the debt collector's address, on any envelope when communicating with Plaintiff by use of the mails or by telegram. . . . In short, the envelope used to mail the Collection Letter displayed a [QR] code through the transparent window of the envelope." Complaint ¶ 37(a). 15 U.S.C. § 1692f(8) prohibits debt collectors from:

> using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f(8); *see Artell v. ARS Nat'l Servs.*, 2016 U.S. Dist. LEXIS

---

[1] Relying on a recent decision in this district, Defendant cabins *Church* as inapplicable because it is simply "one of many cases involving so-called 'informational standing,' where a plaintiff has standing because he seeks to enforce a statutory disclosure requirement." *Zia v. CitiMortgage, Inc.*, 210 F.Supp.3d 1334, 1342, 2016 WL 5369316, at *6 (S.D. Fla. 2016). Tellingly, however, Defendant fails to cite a single FDCPA case in support of its position. Just as Plaintiff in this case does not rely on "informational standing" to bring suit, neither does he merely "seek[ ] to en-

force a deadline" akin to those at issue in *Zia* and *Friends of Animals v. Jewell*, 828 F.3d 989 (D.C. Cir. 2016). *See Zia*, 210 F.Supp.3d at 1342–43, 2016 WL 5369316, at *6. Plaintiff seeks to enforce a private right of action for injury to his statutory right to receive (1) a debt-collection envelope free of information on the envelope (which may include identifying information), and (2) a collection letter free of false, deceptive, or misleading representations. Analogizing to *Church*, the Court finds these injuries sufficiently concrete to confer standing.

154163, at \*4 (S.D. Fla. Nov. 3, 2016). "On its face, the language of § 1692f(8) prohibits the inclusion of a barcode visible from the exterior of the envelope, given that the barcode (and the number it contains) constitute some 'language or symbol other than the debt collector's address.'" *Artell*, 2016 U.S. Dist. LEXIS 154163, at \*5. Many Courts, however, have held that "literal application of the statute would prohibit using preprinted postage, or even Plaintiff's name and address, on the envelope, 'yielding the absurd result that a statute governing the manner in which the mails may be used for debt collection might in fact preclude the use of the mails altogether.'" *Id.* (quoting *Gardner v. Credit Management LP*, 140 F.Supp.3d 317, 320 (S.D.N.Y. 2015) and citing *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318 (8th Cir. 2004); *Rodriguez v. I.C. Sys., Inc.*, 2016 WL 5415680, at \*3 (E.D.N.Y. Sept. 28, 2016); *Brooks v. Niagara Credit Solutions, Inc.*, 2015 WL 6828142, at \*2 (D. Kan. Nov. 6, 2015); *Schmid v. Transworld Sys., Inc.*, 2015 WL 5181922, at \*4 (N.D. Ill. Sept. 4, 2015) (collecting cases)). Accordingly, courts "have recognized a 'benign language' exception to § 1692f(8), finding that language or a symbol on an envelope does not violate that Act so long as it does not suggest the purpose of the communication or the disclosure of the recipient's status as a debtor." *Id.* at \*6 (quoting *Gardner*, 140 F.Supp.3d at 321–22 and citing *Rodriguez*, 2016 WL 5415680, at \*3 (collecting cases)).

The Eleventh Circuit has not yet entered the fray, but even assuming the "benign language" exception applicable, the record in this case is devoid of facts that establish what the QR, if scanned, might show. Unlike in *Artell*, *infra*, this case

does not involve a motion for judgment on the pleadings,[2] and in any event, neither party has provided the Court with judicially noticeable information to establish the QR's substance. Under such circumstances, the Court is unwilling to create an additional pleading requirement that Plaintiff must overcome to state a claim under § 1692f(8). *See Palmer v. Credit Collection Servs., Inc.*, 160 F.Supp.3d 819, 823 (E.D. Pa. 2015) ("The bar code in issue is designed to apply specifically to the plaintiff and relates to the debt she allegedly owes. Contrary to the focus of the parties' arguments, it is irrelevant whether the bar code, when scanned, reveals a scrambled or unscrambled number." (footnote omitted)). Accordingly, Plaintiff's claims premised on the QR survive.

### 2. 15 U.S.C. § 1692e(10)

■■■ Section 1692e(10) mandates that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). This determination requires that the Court view a defendant's actions through the eyes of the "least sophisticated consumer." *Jeter*, 760 F.2d at 1175.

The 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or

---

**2.** Plaintiff incorrectly emphasizes that *Artell* is inapplicable because the ruling disposed of a motion for summary judgment. *See* ECF No. [15] at 6; *see also Horsley v. Feldt*, 304 F.3d

1125, 1131 (11th Cir. 2002) (motion for judgment on the pleadings requires that a court apply a standard very similar to that required by a motion to dismiss).

idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

*LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1194 (11th Cir. 2010) (internal quotations, alterations, and citations omitted). This "least sophisticated consumer" analysis "is best left to [a] jury," meaning that in many cases, it is not proper at the motion to dismiss stage of proceedings. *LeBlanc,* 601 F.3d at 1195; *see Newman v. Ormond,* 456 Fed.Appx. 866, 868 (11th Cir. 2012) ("where the parties agree on the basic facts of the case, but reasonably disagree upon the proper inferences to be drawn from the debt collector's actions, there exists a genuine issue of material fact that should be determined by the trier of fact and not by the court in a summary judgment context.").

Plaintiff claims that Defendant violated § 1692e(10) by (1) "improperly advis[ing] Plaintiff that, 'you may incur processing charges when utilizing the online and phone methods of payment'"; and (2) "wrongfully portray[ing] the current creditor's willingness to settle the Consumer Debt for less than the full amount as having the same net result as paying the full amount of the Consumer Debt." Complaint ¶ 37(b)(1), (2) (quoting Letter) (emphasis omitted). As an initial matter, the Court does not address Plaintiff's first allegation under § 1692e(10) because Defendant does not provide sufficient argument in its Motion to support dismissal of this claim. *See* Motion at 1–2, 5–7; *Sprint Sols., Inc. v. Fils–Amie,* 44 F.Supp.3d 1224, 1228 (S.D. Fla. 2014) ("Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal."); *see also Watson v. K2 Design Grp., Inc.,* 2016 WL 3943963, at *2 (S.D. Fla. May 3, 2016). As to Plaintiff's second allegation, the Letter advises Plaintiff that he "may settle these accounts by paying a lesser amount which will be considered settlement in full for the accounts listed in the SUMMARY." The Letter includes a Summary, listing one outstanding loan with a principal amount of $1,228.00. *See* Letter at 2. Plaintiff claims that the settlement statement in the Letter is false, as debts settled for less than the full amount are nonetheless reported to credit bureaus and are more harmful to the debtor's credit, and a debtor faces certain tax consequence if he agrees to settle a debt for an amount that is $600.00 less than debt's original amount. Complaint ¶ 37(b)(2). Plaintiff also takes issue with Defendant's use of the phrase "SAVINGS OPPORTUNITY." *See id.*

 The crux of the parties' dispute, therefore, regards the meaning of the Letter's promise that payment "will be considered settlement in full." Plaintiff asserts that the Letter will lead the least sophisticated consumer to make false conclusions, and cognizant of the limited pleading requirements necessary to withstand dismissal, the Court finds Plaintiff's allegations sufficient under the circumstances presented. Importantly, "'[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Melillo v. Shendell & Assocs., P.A.,* 2012 WL 253205, at *5 (S.D. Fla. Jan. 26, 2012) (quoting *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1062 (9th Cir. 2011)); *see LeBlanc,* 601 F.3d at 1194 ("[T]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."). Plaintiff claims that the statements in the Letter are false within the meaning of § 1692e(10). Making all plausible inferences in the least sophisticated consumer's favor, the Court finds

Plaintiff's allegations sufficiently non-idiosyncratic to survive dismissal. *LeBlanc*, 601 F.3d at 1194.

### 3. 15 U.S.C. § 1692f(1) and the FCCPA

■ Finally, Plaintiff claims that Defendant violated § 1692f(1) "by attempting to collect[ ] an amount from Plaintiff, to wit, a $5.00 convenience fee for payments made over the telephone or via Defendant's online payment portal, which Defendant was not expressly authorized by contract or statute to collect." Complaint ¶ 37(c). This alleged collection attempt also constitutes the basis for Plaintiff's FCCPA claim. *See id.* ¶ 40(a). Section 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Fla. Stat. Ann. § 559.72 states that no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. Ann. § 559.72(9).

■ Plaintiff does not state in Response how Defendant's actions violate the FDCPA or FCCPA, nor does Plaintiff plead that Defendant actually charged a $5.00 fee. As Defendant correctly asserts, the Letter does not state that Plaintiff owes a debt other than the principal listed in the Summary.[3] Rather, the Letter advises Plaintiff that he "may incur processing charges when utilizing the online and phone methods of payment." Regardless of whether a potential processing charge is unlawful, even the least sophisticated consumer would understand that the $5.00 fee is contingent upon a debtor utilizing online

or phone payment methods in the future. *See Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) ("The 'unsophisticated consumer' isn't a dimwit. She may be uninformed, naive, and trusting, but she has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences" (internal quotations and alterations omitted)). Importantly, " '[t]he focus of the statutory provision . . . is on the amount of the debt to be collected, rather than the collector's authorization to collect any debt, whatever its amount.' " *Townsend v. Quantum3 Grp., LLC*, 535 B.R. 415, 426 (M.D. Fla. 2015) (collecting cases and quoting *Gaetano v. Payco of Wisconsin, Inc.*, 774 F.Supp. 1404, 1415–16 (D. Conn. 1990)). Accordingly, because the Letter does not attempt to collect a $5.00 convenience fee debt, Plaintiff's claim under § 1692(f)(1) fails, and is dismissed with prejudice. *See Malowney v. Bush/Ross*, 2009 WL 3806161, at *6 (M.D. Fla. Nov. 12, 2009) ("A debt collector violates 15 U.S.C. § 1692f(1) when he collects a fee that is not authorized by state law or the agreement creating the debt."); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment . . . where amendment would be futile"). Plaintiff's claims under Fla. Stat. Ann. § 559.72(9) however, survive, as the least sophisticated consumer may plausibly believe that the Letter "threaten[s] to enforce a debt" or "assert[s] the existence of some other legal right."

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [13]**, is

---

3. The Court properly considers the attached Letter without converting the Motion into one

for summary judgment. *See Maxcess, Inc.*, 433 F.3d at 1340.

**GRANTED** in part and **DENIED** in part. Plaintiff's claim brought under 15 U.S.C. § 1692f(1) is **DISMISSED WITH PREJUDICE.** Defendant shall file an Answer to the remaining claims by **January 20, 2017.**

**DONE AND ORDERED** in Miami, Florida, this 10th day of January, 2017.